[760 NYS2d 181]

In the Matter of TIMOTHY J. DALY, an Attorney, Respondent. GRIEVANCE COMMITTEE for the TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 28, 2003

### APPEARANCES OF COUNSEL

*Robert P. Guido*, Syosset (*Chris G. McDonough* of counsel), for petitioner.

*Richard Supple*, New York City, for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition dated August 2, 2001, containing five charges of professional misconduct based

upon a complaint filed in 1994. That complaint had been answered by the respondent by letter dated December 19, 1994. In his answer, the respondent reiterated the position taken in that letter.

At the hearing, the petitioner's case consisted of seven exhibits and the testimony of two witnesses. The respondent testified on his own behalf and produced nine exhibits, which were admitted into evidence. Two stipulations were also admitted into evidence. In general, the facts are not in dispute.

The respondent closed mortgage loans for Biltmore Mortgage Corporation (hereinafter Biltmore), which regularly engaged in the making, purchasing, and/or selling of mortgage loans. James Clooney was a principal of Biltmore. One of the lenders that funded mortgages made, purchased, and/or sold by Biltmore was Fidelity Bank. The respondent maintained and was the sole signatory on an escrow account at Republic Bank. In June 1994 and prior thereto, Fidelity Bank wire-transferred various sums of money into the respondent's escrow account at Republic Bank to fund specific loans. On June 22, 1994, by check number 1639, the respondent removed $300,000 from his escrow account and gave it to Clooney, who in turn transferred that sum back to Fidelity Bank. On June 24, 1994, by check number 1640, the respondent removed $225,000 from his escrow account and also gave it to Clooney, who transferred it back to Fidelity Bank. The $525,000 was returned to Fidelity Bank to cover Biltmore's obligations on prior mortgage loans, rather than used to close the new mortgage loans for which the money was intended. In November 1994 the respondent advised Fidelity Bank of the shortfall.

At the conclusion of the hearing, the Special Referee sustained all five charges. The respondent now moves to disaffirm the report of the Special Referee and to dismiss the petition. Alternatively, he seeks to limit the sanction imposed to a public censure. The petitioner cross-moves to confirm the report of the Special Referee and to impose such discipline as the Court deems just and proper.

Charge One alleges that the respondent failed to preserve $525,000 entrusted to him in his capacity as an attorney and counselor-at-law. By utilizing escrow monies for purposes other than those for which they were entrusted to him, the respondent failed to preserve such funds, in violation of Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46).

Charge Two alleges that the respondent violated his fiduciary obligation by failing to maintain and preserve $525,000

entrusted to him in his capacity as escrow agent and fiduciary. By wrongfully removing from escrow $525,000 entrusted to him by Fidelity Bank for closing specific loans, the respondent violated his fiduciary obligation, in violation of Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46).

Charge Three alleges that the respondent misapplied escrow funds entrusted to him by Fidelity Bank. The respondent admitted that after removal of the $525,000, his escrow account contained insufficient funds to close Fidelity loans funded after June 24, 1994. The respondent also admitted that this shortfall lasted until November 1994. By misapplying funds entrusted to him for a particular use by Fidelity Bank, the respondent breached his obligation as an attorney and fiduciary, in violation of Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46).

Charge Four alleges that the respondent failed to preserve $187,587 entrusted to him by Fidelity Bank in violation of Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46). On November 4, 1994, Fidelity Bank wire-transferred $187,587 into the respondent's Republic Bank escrow account to fund a loan to a borrower named Baker. The respondent was unable to close the Baker loan because there were insufficient funds in his escrow account due to his prior removal of $525,000.

Charge Five alleges that the respondent failed to preserve $106,409.50 entrusted to him by Fidelity Bank in violation of Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46). On November 4, 1994, Fidelity Bank wire-transferred $106,409.50 into the respondent's Republic Bank escrow account to fund a loan to a borrower named Perri. The respondent was unable to close the Perri loan because there were insufficient funds in his escrow account due to his prior removal of $525,000.

Based on the evidence adduced at the hearing, including the respondent's admissions, the Special Referee properly sustained all five charges against the respondent.

In determining the appropriate measure of discipline to impose, the respondent submits 13 character letters from clients, family members, and long-time friends. He also asks the Court to consider the following in mitigation: He acted in good faith and fully cooperated with the petitioner's investigation. The issues raised by the petition involve, at most, close legal questions concerning a lawyer's duty to third parties. He acted out of loyalty to his client and did not

personally gain from his misconduct. He had no time to ponder whether to comply with his client's instruction to release the escrowed funds and no time to consult with counsel. He has enjoyed a long and honorable career at the bar. His character references are excellent and demonstrate that he is held in high regard in his community. He is very devoted to his family and has spent countless hours on community-service activities such as being a Boy Scout leader, a soccer coach, a basketball coach, and a swimming coach, among other things. He has enhanced the reputation of the bar by serving on committees of the Suffolk County Bar Association and as a pro bono speaker at numerous bar-related functions. The petitioner advised him that it is not aware of any aggravating factors. The events in question occurred more than eight years ago. The respondent reported the shortfall in his escrow account to Fidelity Bank in November 1994 and the events in question were substantially admitted by him in his letter dated December 19, 1994, over eight years ago. The petitioner's delay in bringing charges against the respondent is not attributable to the respondent.

The respondent's prior disciplinary history consists of a letter of caution dated October 21, 1988, for failing to promptly honor a debt incurred in the course of his professional practice that was reduced to a judgment.

Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of two years.

RITTER, J.P., SANTUCCI, ALTMAN, FLORIO and GOLDSTEIN, JJ., concur.

Ordered that the respondent's motion to disaffirm the report of the Special Referee is denied; and it is further,

Ordered that the petitioner's cross motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Timothy J. Daly, is suspended from the practice of law for a period of two years, commencing May 28, 2003, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the two-year period, upon furnishing satisfactory proof that during the said period he (a) refrained from practicing or attempting to practice law, (b) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Timothy J. Daly, shall desist and refrain (1) from practicing law in any form, either as principal or agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.